**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

[Additional Attorneys on Signature Page]

*Attorneys for Plaintiff,*
*Tiffany Cahill*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TIFFANY CAHILL, Individually and On Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**GC SERVICES LIMITED PARTNERSHIP,**<br><br>**Defendant.** | Case No.:  '17CV1308 L    JLB<br><br><u>**CLASS ACTION**</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT                                          1

**INTRODUCTION**

1. Plaintiff Tiffany Cahill ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant GC Services, Limited Partnership (hereinafter, referred to as "Defendant") in negligently and/or willfully or knowingly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

   > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

   *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012

///

WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. *See* 47 U.S.C. §227(b).

6. Defendant continuously conducts business in California. Defendant is also registered in the State of California.

7. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant placed unlawful calls to Plaintiff in this judicial district.

8. Upon information and belief, Defendant regularly and continuously conducts business in the State of California, and thus, personal jurisdiction is established.

## PARTIES

9. Plaintiff is and was, at all times mentioned herein, is a natural person that resided in the County of San Diego, State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10. Plaintiff is informed and believes, and thereon allege, that Defendant is, and at all times mentioned herein was, a limited partnership organized under the

laws of Delaware, registered to conduct business in the State of California, and is a "person" as defined by 47 U.S.C. § 153 (39).

11. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

12. Defendant is the largest privately-held outsourcing provider of call center management and collection agency services in North America. Defendant offers call center agents to accommodate various creditors. Defendant regularly makes autodialed phone calls with a pre-recorded message to consumers in order to collect debts.

13. Upon information and belief, Plaintiff did not provide her number to Defendant or Defendant's agents.

14. From October 24, 2016 to January 24, 2017, Defendant called Plaintiff 39 times. Upon information and belief, Defendant made the calls using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), with an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

15. Plaintiff did not provide Defendant with a "prior express consent" nor written consent to receive calls to her cellular telephone, including those calls by means of an ATDS and/or artificial or prerecorded voice message, pursuant to 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(a)(2).

16. Defendant made the 39 unwanted autodialed calls to Plaintiff's cellular phone from the number 619-377-3116.

17. All of the 39 calls originated from numbers beginning with a "619" area code, which is the area code for southern San Diego, California, where Plaintiff's cellular telephone was registered.

18. However, Defendant is based in Houston, Texas and has a "713" area code.

Defendant used automatic dialer technology to not only initiate the calls, but also to "spoof" its number. This is a common tactic used by collection companies to trick people into answering the telephone.

19. A number of the telephone calls from Defendant went unanswered and Defendant did not leave a voice message, which is typical for calls made by an ATDS.

20. Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. Upon information and belief, the ATDS equipment used by Defendant to place the calls at issue has the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

22. Defendant did not have prior express consent nor written consent to place calls to Plaintiff's cellular number and falsely entice individuals to return Defendant's calls.

23. Defendant's calls were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

24. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

25. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with unwanted calls using an ATDS and/or prerecorded voice.

26. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by California privacy law and the TCPA.

///

27. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

28. Plaintiff is informed and believes and here upon alleges, that the calls were made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

29. Through the aforementioned conduct, Defendant or its agent(s) has violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

31. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

33. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an ATDS, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid,

and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

34. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

35. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

36. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant or their agents initiated any telephonic communications to the Class (other than a message made for emergency purposes or made with the prior express consent of the called party) using any automatic dialing system or prerecorded voice to any telephone number assigned to a cellular phone service;

   b) Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;

   c) Whether Defendant's conduct was knowing and/or willful;

   d) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

e)   Whether Defendant and their agents should be enjoined from engaging in such conduct in the future.

37. As a person that received at least one telephonic communication from Defendant's ATDS without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

38. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

39. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

40. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

41. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

# FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

44. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

45. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

48. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class members pray for judgment as

follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

### NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### KNOWING/WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: June 27, 2017

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ ABBAS KAZEROUNIAN
     ABBAS KAZEROUNIAN, ESQ.
     AK@KAZLG.COM

Additional Plaintiff's Counsel:

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

CLASS ACTION COMPLAINT     11