UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY CAHILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Case No.: 17-cv-1308-GPC-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 13]** |

Before the Court is the Joint Motion of the parties for Determination of a Discovery Dispute filed on January 31, 2018. (ECF No. 13). The dispute presents Plaintiff's motion to compel further responses to ten interrogatories and 23 requests for production. In this case Plaintiff asserts, on behalf of herself and a nationwide class of similarly situated individuals, that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., by making calls to cellular telephones using an autodialer and/or a prerecorded or artificial voice, without the express consent of the persons called, in furtherance of debt collection activities by its

1

clients or for its own accounts. (ECF No. 1).

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that

objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.*

# **DISCUSSION**

A. <u>Lack of Protective Order</u>

Regarding interrogatories 4, 5, 7, 18 and 19, and requests for production 2, 6, 7, 14, 15, 24, 25, 26, 27, 28, 38, 39, 42, 43, 44, and 46, Defendant asserts that further answers will be provided and documents produced following the entry of a protective order. Plaintiff reports that on January 30, 2018, counsel for Defendant provided a proposed Protective Order to counsel for Plaintiff, to which Plaintiff agreed, with minor changes. (ECF No. 13 at 3).[1] Defendant agrees that it provided a proposed Protective Order to Plaintiff's counsel for review and comment. (*Id.*). No motion for protective order, joint or ex parte, was submitted to the Court.

Defendant's refusal to answer fully and produce documents because a protective order has not been entered in this case is just plain wrong. Rule 26(c)(1), Fed. R. Civ. P., permits a producing party to file a motion for a protective order after first attempting, in good faith, to confer or attempt to confer with the requesting party. Here, it appears that the parties did confer but no motion for protective order was filed. As the producing party, Defendant had but two options under the Rule: 1) Produce the requested documents; or, 2) File an ex parte motion for a protective order. It was not and is not an option for Defendant simply to withhold production. Defendant has had ample opportunity to move for a protective order. Defendant's failure to do so, if it considers the information confidential, is inexplicable.

---

[1] The Court will refer to pagination provided by CM/ECF, rather than original pagination, throughout.

Consequently, the Court **OVERRULES** Defendant's objection to disclosure on this basis. To the extent that Defendant relied solely on the absence of a protective order to fully answer or produce documents, Plaintiff's motion to compel further answers and production to these interrogatories and requests for production is **GRANTED**. Defendant must provide its responses within 14 days of this Order. In the interim, a joint motion or ex parte motion for a protective can be filed.

B. Proportionality

Regarding interrogatories 5 and 6, and requests for production 9-13, 18, and 24, Defendant objected, at least in part, on the basis of proportionality, asserting that the interrogatory or request for production "does not meet the proportionality standards of Fed. R. Civ. P. 26(b)(1), as responding to such a broad request, as worded, would be impracticable and could only be done, if at all, at great expense." (*See, e.g.* ECF No. 13 at 12). Unfortunately for Defendant, saying it does not make it so. No further explanation of the burden these interrogatories and requests for production place on Defendant is provided nor supported by any Declaration. Defendant's objections to these interrogatories and requests for production, to the extent based upon proportionality concerns, is **OVERRULED.** To the extent that Defendant relied solely on its proportionality objection to fully answer or produce documents, Plaintiff's motion to compel further answers and production to these interrogatories and requests for production is **GRANTED**. Defendant must provide its responses within 14 days of this Order.

C. Specific Interrogatories

In these interrogatories, Defendant asserted objections in addition to or different than proportionality or lack of a protective order. The Court will address those additional and different objections below.

1. Interrogatory No. 5 (ECF No. 13 at 3)

This interrogatory requires Defendant to state the number of cellular telephones called by Defendant for the purpose of debt collection for the past four years. Defendant asserts that this interrogatory seeks information not relevant to any claim or defense and is overbroad. (ECF No. 13 at 4-5). The Court agrees with Defendant that the interrogatory is overbroad by not being limited to calls made by means of an autodialer or using a prerecorded or artificial voice. No further answer is required.

2. Interrogatory No. 6 (ECF No. 13 at 3-4)

This interrogatory fixes the overbreadth problem identified in Interrogatory No. 5 above by calling upon Defendant state the number of cellular telephone numbers called for debt collection purposes in the 4 years preceding the filing of the Complaint using an autodialer. Defendant asserts the same objections as asserted in connection with Interrogatory No. 5. Defendant's objections are **OVERRULED** and the motion to compel an answer is **GRANTED**. Defendant must provide its response within 14 days of this Order.

3. Interrogatory No. 7 (ECF No. 13 at 5)

This interrogatory askes Defendant to describe instructions provided to its employees or agents involved in making calls to "customers" regarding how to document requests to cease contact by telephone. Defendant has objected on the grounds that the interrogatory is vague because it has no "customers." Plaintiff clarified its request to mean debtors. Defendant also asserted that it will fully respond following the entry of a protective order. Defendant' objection regarding the lack of a protective order has been overruled. With the clarification provided by Plaintiff, Defendant's objection for vagueness is **OVERRULED** and the motion to compel an answer is

**GRANTED**. Defendant must provide its response within 14 days of this Order.

   4. Interrogatories Nos. 21-24 (ECF No. 13 at 6-7)

These interrogatories are related. Interrogatory No. 21 calls for Defendant, if it has used an autodialer within the 4 years preceding the filing of the Complaint, to identify type of autodialer used. Interrogatory No. 22 calls for Defendant to identify the location(s) of its autodialer(s). Interrogatory No. 23 calls for identification of any predictive dialer used during the 4 year period. Interrogatory No. 24 calls for Defendant to identify any entity to which it outsourced any autodialer or predictive dialer. Defendant first objected on the grounds that this information is not relevant to any claim or defense in this case. That position is untenable; it is the entire basis of this lawsuit. Defendant's objection on that basis is **OVERRULED.**

Defendant also responded for each interrogatory that it did not use an "ADTS." The Court understands that acronym to refer to an automated telephone dialing system. Defendant's responses may not be sufficient. In Interrogatories Nos. 21 and 22, the request relates to an "autodialer." Defendant's response is limited to an "ATDS." An Automated Telephone Dialing System, as Defendant refers to it, may or may not be narrower in scope than an "autodialer." Interrogatory No. 23 addresses a predictive dialer which, again, may or may not be within the scope of what Defendant refers to as an "ATDS." Similarly, an appropriate response to the outsourcing question, Interrogatory No. 24, also depends upon the definition of an ATDS as used by Defendant.

Accordingly, Defendant is **ORDERED** to provide a further response to each of these interrogatories directly answering each question. Plaintiff's

6

17-cv-1308-GPC-MDD

motion to compel further answers is **GRANTED**. Defendant must provide its responses within 14 days of this Order.

D. Specific Requests for Production ("RFP")

In these RFPs, Defendant asserted objections in addition to or different than proportionality or lack of a protective order. The Court will address those additional and different objections below.

1. RFP No. 9 (ECF No. 13 at 11)

Defendant is asked to produce all reports for each outbound dial list for the 4 year period. It is not limited to calls to cellular telephones using any form of autodialer or with prerecording or artificial voice nor for debt collection. It is overbroad. That said, Defendant's response does not comply with the requirements of Rule 34, Fed. R. Civ. P. An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* Defendant does not indicate whether documents are being withheld pursuant to its objections. And, Defendant appears neither to produce documents nor state when it will. Plaintiff is entitled to a response that complies with Rule 34. Defendant is **ORDERED** to provide a compliant response within 14 days of this Order.

2. RFPs 10-13 (ECF No. 13 at 11-12)

As discussed in connection with RFP No. 9 above, Defendant's responses to these RFPs does not comply with Rule 34. Defendant is **ORDERED** to provide compliant responses within 14 days of this Order.

These RFPs are related. RFP No. 10 calls for reports for each outbound dialing list called during the 4 year period using an autodialer. RFP No. 11 calls for the same using a predictive dialer. RFP No. 12 calls for outbound dialing lists for any autodialer debt collection campaign. RFP No. 13 calls for

7

17-cv-1308-GPC-MDD

the same using a predictive dialer.

Defendant objects that these RFPs call for the production of information not relevant to any claim or defense. The objection is frivolous and **OVERRULED.** Defendant also responds that it has no such information regarding Plaintiff. (ECF No. 13 at 13). The RFPs are not limited to Ms. Cahill and the issue of her suitability as a class representative is not yet before the Court. Defendant's objections are **OVERRULED.**

3. RFP No. 46 (ECF No. 13 at 15)

Defendant is asked to produce documents describing the call recording and reporting procedures for outgoing debt collection calls for the relevant period. Defendant's response to this RFP does not comply with Rule 34. Defendant is **ORDERED** to provide a compliant response within 14 days of this Order. Defendant also objects on the grounds that the RFP calls for the production of information not relevant to any claim or defense. (ECF No. 13 at 16). This objection is **OVERRULED.**

4. RFP No. 18 (ECF No. 13 at 16)

Defendant is called upon to produce all reports of autodialer or predictive dialer calls made to cellular telephones, pagers, mobile telephones or wireless devices during the relevant period. Defendant's response to this RFP does not comply with Rule 34. Defendant is **ORDERED** to provide a compliant response within 14 days of this Order. Defendant also objects on the grounds that the RFP calls for the production of information not relevant to any claim or defense. (ECF No. 13 at 17). This objection is **OVERRULED.** Defendant also responds that it did not use an autodialer regarding Ms. Cahill's account. The response is insufficient as the RFP pertains to class claims.

5. RFP No. 25 (ECF No. 13 at 18)

Defendant is called upon to produce documents regarding training of its employees involved in making calls to individuals for debt collection purposes. Defendant's response to this RFP does not comply with Rule 34. Defendant is **ORDERED** to provide a compliant response within 14 days of this Order. Defendant also objects on the grounds that the RFP calls for the production of information not relevant to any claim or defense. (ECF No. 13 at 17). This objection is **OVERRULED.**

6. RFP No. 28 (ECF No. 13 at 19)

Defendant is asked to produce all documents regarding its use of an autodialer. Defendant's response to this RFP does not comply with Rule 34. Defendant is **ORDERED** to provide a compliant response within 14 days of this Order. Defendant also objects on the grounds that the RFP is vague regarding "documents regarding your use" of an autodialer. (ECF No. 13 at 19). This objection has some merit. The RFP may be calling for the productions of manuals, policies, and training regarding Defendant's use of an autodialer, which is relevant. It also may be calling for production of records reflecting every time Defendant employed an autodialer which may be overbroad. The parties are **ORDERED** to meet and confer on this point in advance of Defendant's obligation to produce a response in compliance with Rule 34.

7. RFPs 37, 39 (ECF No. 13 at 20)

In these related RFPs, Defendant is asked to produce documents describing the means for determining whether an outgoing call is not associated with an account. (RFP No. 37). Defendant also is asked to produce documents regarding its criteria and methodology used for establishing an account with an associated number to be called. (RFP No.

9

39). Defendant's responses to these RFPs do not comply with Rule 34. Defendant is **ORDERED** to provide compliant responses within 14 days of this Order. Defendant also objects on the grounds that the RFP calls for the production of information not relevant to any claim or defense. (ECF No. 13 at 20). This objection is **OVERRULED.**

## CONCLUSION

Plaintiff's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. To the extent that the Court has ordered additional answers and responses, those answers and responses must be served on Plaintiff no later than 14 days from the date of this Order. Regarding one RFP, the Court has ordered the parties to meet and confer. The conference must be held within 7 days of this Order. Service of the further answers and responses will serve to restart the 30-day dispute process under this Court's Civil Chambers Rules.

**IT IS SO ORDERED.**

Dated: February 15, 2018

MITCHELL D. DEMBIN
U. S. MAGISTRATE JUDGE