UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY CAHILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Case No.: 3:17-cv-01308-GPC-MDD<br><br>**ORDER DENYING MOTION TO RECONSIDER MAGISTRATE JUDGE'S ORDER ON JOINT MOTION FOR DETERMINATOIN OF DISCOVERY DISPUTE**<br><br>**[ECF No. 17]** |

Before the Court is a motion asking this Court to reconsider a ruling issued by Magistrate Judge Mitchell D. Dembin regarding a discovery dispute. (ECF No. 17.) The motion is fully briefed. (*See* ECF Nos. 20, 23.) For the reasons set forth below, the Court DENIES the motion.

**I.    Background**

In this putative class action, Plaintiff alleges that Defendant negligently and knowingly violated the Telephone Consumer Protection Act ("TCPA") by using an automatic telephone dialing system ("ATDS") with an artificial or prerecorded voice to call Plaintiff's cell phone without Plaintiff's consent and not for emergency purposes. (*See generally* ECF No. 1.) According to the complaint, Defendant is an outsourcing

provider of "call center management and collection agency services," and "regularly makes autodialed phone calls with pre-recorded message[s] to consumers in order to collect debts." (*Id.* ¶ 12.) Plaintiff's complaint states that she seeks to represent a class consisting of:

> All persons within the United States who received any telephone call from Defendant or its agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any automatic telephone dialing system and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

(*Id.* ¶ 31.)

On January 31, 2018, the parties filed a joint motion for a determination of a discovery dispute regarding Defendant's responses to certain discovery requests made by Plaintiff. (ECF No. 13.) In relevant part, Magistrate Judge Dembin overruled Defendant's objections to the following four discovery requests.

### A. Interrogatory 6

Plaintiff's Interrogatory 6 asks Defendant to "[s]tate how many cellular telephone numbers you have called since four years prior to the filing of this action for the purposes of debt collection using an autodialer." (*Id.* at 3.[1]) Defendant objected to this interrogatory because it "seeks information unrelated to any claim or defense," and "does not meet the proportionality standard of Fed. R. Civ. P. 26(b)(1)." (*Id.* at 4.) With respect to the former argument, Magistrate Judge Dembin found that the interrogatory is not overbroad because it specifies that Defendant must list calls made with an autodialer, as opposed to all calls Defendant made generally. (ECF No. 15 at 5.) Magistrate Judge Dembin rejected the proportionality objection because Defendant did not offer any explanation of what burden would be imposed on Defendant were it required to respond to these discovery requests. (ECF No. 15 at 4.)

//

---

[1] Page citations to filings in this case refer to the pagination provided by the CM/ECF system.

**B. Interrogatories 21–24**

Plaintiff's Interrogatories 21 asks Defendant to "state the type(s) of autodialer used (brand, model number, and any other identifying characteristics)" to make calls for Defendant or on Defendant's behalf and/or any third party. (ECF No. 13 at 6–7.) Interrogatory 22 asks Defendant to state where the autodialers used to make calls "for and on your behalf and/or any third party" are located, "or w[ere] located when used by you or your agents." (*Id.* at 7.) Interrogatory 23 asks Defendant to state the "type(s) of autodialer used (brand, model number, and any other identifying characteristics)" that was a "predictive dialer" and used to "make calls for and on your behalf and/or any third party." (*Id.*) Interrogatory 24 asks Defendant to "identify all companies to which you and your agents have outsourced" to make calls with autodialers or predicate dialers within the past four years. (*Id.*) Defendant objected to these interrogatories because they seek "information unrelated to any claim or defense." Defendant also asserted that it "did not use an ATDS therefore it has no response to interrogatories 21-24." (*Id.* at 8.)

Magistrate Judge Dembin overruled Defendant's objections. With respect to relevance, Magistrate Judge Dembin found that the brand and location of autodialers, as well as the identity of any companies used to outsource the use of autodialers, were "the entire basis of this lawsuit." (ECF No. 15 at 6.) As to Defendant's argument that it did not use an ATDS, Magistrate Judge Dembin found that "Defendant's responses may not be sufficient," because an ATDS "may or may not be narrower in scope than an 'autodialer'" or "predictive dialer," and "an appropriate response to the outsourcing question, Interrogatory No. 24, also depends upon the definition of an ATDS as used by Defendant." (*Id.*) Magistrate Judge Dembin ordered Defendant to provide a "further response" to Interrogatories 21–24 besides Defendant's bare assertion that it did not use an ATDS. (*Id.* at 6–7.)

**C. Requests for Production ("RFP") 10–13**

RFP 10 asks Defendant to produce documents relating to all "reports for each outbound dial list to persons that you called on behalf of yourself and/or any third party,

3

3:17-cv-01308-GPC-MDD

including those outbound dial lists" utilizing an autodialer in the past four years. (ECF No. 13 at 11.) RFP 11 asks for documents relating to all "reports for each outbound dial list to persons that you called on behalf of yourself and/or any third party, including those outbound dial lists" generated by predicative dialers in the past four years. (*Id.*) RFP 12 asks for documents relating to "the outbound dial list to persons that you called for and on behalf of yourself and/or any third party, including those outbound dial lists" for "any autodialer debt collection campaign" in the past four years. (*Id.* at 12.) RFP 13 asks for documents relating to "the outbound dial list to persons that you called for and on behalf of yourself and/or any third party" for "any predictive dialer campaigning" in the past four years. (*Id.*) Defendant objected to these RFPs because they seek "information unrelated to any claim or defense in the case," and because the request was not proportional under Federal Rule of Civil Procedure 26(b)(1). (*Id.*) Defendant also asserted that it had no documents responsive to the RFPs "with regard to Plaintiff." (*Id.* at 13.)

Magistrate Judge Dembin rejected the proportionality objection for the same reason that it overruled the proportionality objection to Interrogatory 6. (ECF No. 15 at 4.) Magistrate Judge Dembin also found Defendant's relevance objection frivolous. (*Id.* at 8.) Finally, as to Defendant's response that it had no relevant documents as to Plaintiff, Magistrate Judge Dembin stated that the "RFPs are not limited to [Plaintiff] and the issue of her suitability as a class representative is not yet before the Court." (*Id.*)

### D. Request for Production 18

RFP 18 asks Defendant for documents relating to "autodialer or predictive dialer calls made by you" or anyone on Defendant's behalf in the past for years "to pagers, cellular telephones, mobile telephones, or wireless devices or persons you called on behalf of yourself and/or any third party." (ECF No. 13 at 16.) Defendant objected to this RFP because it "seeks information unrelated to any claim or defense in the case" and that the request is not proportional. (*Id.* at 17.) Defendant also stated that because it did not use an autodialer with regard to Plaintiff's account, it "has no documents responsive

4

3:17-cv-01308-GPC-MDD

to this request." (*Id.*)

Magistrate Judge Dembin again overruled these objections for the same reasons as RFPs 10 through 13. (ECF No. 15 at 4, 8.)

## II. Legal Standard

When a pretrial matter is referred to a magistrate judge, the district court judge "may reconsider [the magistrate judge's decision] . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). In reviewing for clear error, the court asks "whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks omitted). The "contrary to law" phrase in § 636(b)(1)(A), however, "permits independent review of purely legal determinations by a magistrate judge"; the Court will overturn a decision "if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Guzman v. Bridgepoint Educ., Inc.*, No. 11-cv-69-BAS (WVG), 2014 WL 3407242, at *5 (S.D. Cal. July 10, 2014) (internal quotation marks omitted).

## III. Discussion

### A. Defendant's Assertion that Plaintiff is an Atypical Class Member

The primary theme throughout Defendant's motion is that Plaintiff is an atypical member of the putative class. This is the case, according to Defendant, because Defendant "did not use an autodialer or a predictive dialer to contact Plaintiff." (ECF No. 17 at 5.) Defendant contends that it need not respond to Plaintiff's discovery requests because Plaintiff was not contacted by Defendant using an ATDS, and, thus, Plaintiff cannot be the lead plaintiff of the putative class. Defendant reformulates this argument by also asserting that because Defendant never called Plaintiff with an ATDS, Plaintiff lacks standing to bring the case in the first place. (*See, e.g.*, *id.* at 11.) The Court disagrees with Defendant's position.

5

The Court is not in a position to accept Defendant's bald assertion that Defendant did not engage in the acts alleged in Plaintiff's complaint. A discovery request—the basis of this dispute—is permitted so long as it is relevant to the allegations in the complaint. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's *claim* or defense . . ."). Here, the complaint alleges that Defendant called Plaintiff on her cell phone using an ATDS and artificial or prerecorded voice without Plaintiff's permission. (*See* ECF No. 1 at ¶¶ 14–16.) Defendant's mere assertion that these allegations are untrue has no impact on the propriety of a discovery request.

Contrary to Defendant's assertion, *First American Title Insurance Co. v. Superior Court*, 53 Cal. Rptr. 3d 734 (Ct. App. 2007), does not support its argument because the circumstances of that case are unlike those here. There, the court held that a plaintiff who is not a member of the proposed class cannot "obtain precertification discovery from the defendant for the express purpose of identifying a member of the class who is willing to become a named plaintiff and pursue the action." *Id.* at 735. In that case, however, prior to making the discovery request the plaintiff *conceded he was not a member of the class*. *Id.* at 737, 739. In light of the plaintiff's acknowledgement that he was not a victim of the kickback scheme alleged in that case, his counsel sought the discovery for the purpose of finding a suitable lead plaintiff. *Id.* at 738. The Court of Appeal held that it was an abuse of discretion for the trial court to permit such discovery. *Id.* at 744–45. Here, Plaintiff has not conceded that Defendant did not contact her using an ATDS. Instead, the only ground on which the Court could conclude at this point that Plaintiff is not a typical member of the putative class is to accept as true Defendant's own assertion that it did not engage in the conduct alleged against it. If Defendant is confident that it did not violate Plaintiff's rights under the TCPA, it should file a dispositive motion asking the Court to make such a finding as a matter of law. *See Wright v. Schock*, 742 F.2d 541, 543–45 (9th Cir. 1984) (holding that the district court did not abuse its discretion by entertaining, and ultimately granting, a motion for summary judgment prior

to a motion for certification because the defendants consented to that procedure and the plaintiffs were not prejudiced); *Goodson v. Designed Receivable Sols.*, No. CV 15-3308 JVS (JPRx), 2016 WL 5799321 (C.D. Cal. Sept. 21, 2016) (granting summary judgment in a TCPA/FDCPA putative class action, prior to addressing a motion for certification, because there was no genuine dispute that the defendant did not violate the named plaintiff's rights under TCPA or FDCPA). A discovery dispute, however, is not the vehicle to litigate the merits of Plaintiff's personal claims against Defendant.

As a result, Magistrate Judge Dembin properly rejected Defendant's argument that Plaintiff's discovery requests are improper because she is not a member of the putative class. This conclusion sustains Magistrate Judge Dembin's underlying decision as to Interrogatories 6, 21, 22, 23, and 24. In Defendant's memoranda to this Court regarding those discovery requests, it argues only that they are improper on the ground that Defendant did not contact Plaintiff using an autodialer. (ECF No. 17 at 6–9; ECF No. 23 at 2–4.)

### B. RFP Objections

The remaining disputed discovery requests are RFPs 10 through 13 (which ask for documents relating to lists of outbound calls Defendant made using an autodialer or predicative dialer, or outbound call lists made using an autodialer during a debt collection campaign) and RFP 18 (which asks for documents relating to autodialer or predictive dialer calls Defendant made to cell phones, pagers, mobile phones, and wireless devices). Defendant argues in its motion for reconsideration that Plaintiff is attempting to obtain such lists for the purpose of creating a "client list," which is not only improper but also threatens the privacy of the individuals on those lists in a manner contrary to the purposes of the TCPA. (*Id.* at 14–13.) But these were not the objections Defendant raised before Magistrate Judge Dembin. Instead, Defendant argued to Magistrate Judge Dembin that these requests are "unrelated to any claim or defense in the case," and "do not meet the proportionality standards of Fed. R. Civ. P. 26(b)(1)." (ECF No. 13 at 12, 17.) When seeking reconsideration of a magistrate judge's decision, a party may not raise a new

argument to the district court that was never raised to the magistrate judge. *See, e.g.*, *Hendon v. Baroya*, No. 1:05-cv-01247-AWI-GSA-PC, 2012 WL 995757, at *2 (E.D. Cal. Mar. 23, 2012) (refusing to consider defendants' new arguments, in a motion to reconsider a magistrate judge's nondispositive order, that were not offered to the magistrate judge).

In its reply memorandum to this Court, Defendant attempts to revive the relevancy objection that it presented to Magistrate Judge Dembin. (ECF No. 23 at 4–9.) Normally, the Court does not consider arguments offered for the first time in a reply memorandum. *See, e.g.*, *Cox v. Ametek, Inc.*, No. 3:17-cv-597-GPC-AGS, 2017 WL 4792429, at *9 n. 6 (S.D. Cal. Oct. 24, 2017). But even if the Court were to consider the merits of Defendant's relevancy objection to RFPs 10–13 and 18, it would conclude that Magistrate Judge Dembin did not clearly err by finding them relevant to issues of class certification.

Federal Rule of Civil Procedure 23(a) instructs that a member of a class may sue as a representative party on behalf of all members "only if" (1) "the class is so numerous that joinder of all members is impracticable" ("numerosity"), (2) "there are question of law or fact common to the class" ("commonality"), (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" ("typicality"), and (4) "the representative parties will fairly and adequately protect the interests of the class" ("adequacy"). *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017). RFPs 10–13 and 18 are relevant at least to the issues of numerosity and commonality. The lists are reasonably calculated to identify the number of recipients of calls made during the class period, which is crucial to determine whether the class is so numerous to make joinder impracticable. *See Medina v. Enhanced Recovery Co., LLC*, No. 15-14342-CIV-MARTINEZ/MAYNARD, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017); *Thrasher v. CMRE Fin. Servs., Inc.*, No. 14-cv-1540-BEN-NLS, 2015 WL 1138469, at *2 (S.D. Cal. Mar. 13, 2015).

The call lists are also relevant to the commonality requirement under Rule 23(a),

for which plaintiff must show the class "suffered the same injury . . . such that the . . . class claims will share common questions of law or fact" with those of the named plaintiffs. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 (1982). The ultimate test of commonality is whether common answers to critical questions of law and fact can be reached without impediment. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011). As this Court explained in *Knutson v. Schwan's Home Service, Inc.*, the issue of commonality in a TCPA putative class action such as this case is simple:

> All that is required is a showing that [Defendant] called Plaintiffs (1) using an automated dialer or artificial prerecorded voice; (2) in non-emergency situations and without prior express consent; (3) on their cellular telephones. The common question is thus, "were we all called on our cellular telephones, by an autodialer or artificial or prerecorded voice, on behalf of [Defendant], without having given express consent?" A list of numbers dialed by an autodialer on behalf of [Defendant] for a singular purpose could be relevant to this inquiry . . .

No. 3:12-cv-964-GPC-DHB, 2013 WL 3746118, at *8 (S.D. Cal. July 15, 2013). In *Knutson*, this Court found that despite the potential relevance of an outbound call list to the issue of commonality, there, the list—which had 3.9 million numbers—was unreasonably cumulative because (1) the plaintiffs had since reduced the putative class such that the number of members was much smaller than 3.9 million, and (2) the defendant had since produced a more limited outbound call list that "satisfie[d] all of the plaintiff's criteria for having sought the original 3.9 million-entry list in the first place." *Id.* In light of those two circumstances, the Court found, "it is likely that much of the original list of 3.9 million entries is irrelevant, unreasonably cumulative, and inconvenient at this stage of discovery." *Id.* Here, those circumstances do not exist, or at least Defendant has not suggested that they do. In raising its objection to the RFPs, Defendant did not offer any indication to Magistrate Judge Dembin about the size of the requested lists, nor did it suggest that it has offered any smaller outbound call list that could satisfy Plaintiff's pre-certification discovery needs. As a result, this case is unlike *Knutson*. Other courts have also found that outbound call lists in run-of-the-mill TCPA

putative class actions are relevant to the issue of commonality, or that it was not clearly erroneous for a magistrate judge to overrule objections that such lists are irrelevant to commonality. *See, e.g.*, *Webb v. Healthcare Revenue Recovery Grp. LLC*, No. C. 13-00737 RS, 2014 WL 325132, at *2–3 (N.D. Cal. Jan. 29, 2014); *Henderson v. United Student Aid Funds, Inc.*, No. 13-cv-1845-JLS (BLM), 2015 WL 4742346, at *7 (S.D. Cal. July 28, 2015); *Medina*, 2017 WL 5196093, at *3.

In sum, even if the Court were to consider Defendant's procedurally improper relevancy arguments, the Court would reject them.

## IV. Conclusion

For the reasons stated above, Magistrate Judge Dembin's order overruling Defendant's objections to Interrogatories 6, 21, 22, 23, and 24, and RFPs 10, 11, 12, 13, and 18, was not clearly erroneous or contrary to law.[2] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The motion to reconsider is therefore DENIED.

**IT IS SO ORDERED.**

Dated: April 16, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[2] In light of this conclusion, the Court need not address Plaintiff's argument that Defendant failed to comply with Local Rule 7.1(i). (*See* ECF No. 20 at 15–16.)